Edward S. Kiel (019881991)
Eric S. Latzer (023192011)
Elizabeth A. Carbone (116052014)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
*Attorneys for Defendants Garth Andre Naar and Avatar Management LLC*

| | |
|---|---|
| EHP60N WAKEMAN LLC, EHP248O CENTER LLC, EHP120N IVY LLC, EHP242EO BURNETT LLC, ERIC HANTMAN, derivatively on behalf of EHP76B HECKEL LLC, EHP224N PARKER LLC, HHP256 NEPTUNE LLC, UHP461-HHP6600NB SMITH LLC, and PRIME NY INC., derivatively on behalf of EHP105N SCHOFIELD LLC, 475E CATHERINE LLC, EHP28-30 GREYLOCK LLC, and EPH312N SUMMER LLC,<br><br>Plaintiffs,<br>v.<br><br>GARTH ANDRE NAAR, AVATAR MANAGEMENT LLC, and SILVAN REAL ESTATE INCOME FUND, LP,<br><br>Defendants,<br>and<br><br>EHP76B HECKEL LLC, EHP224N PARKER LLC, HHP256 NEPTUNE LLC, UHP461-HHP6600NB SMITH LLC, 475E CATHERINE LLC, EHP28-30 GREYLOCK LLC, and EPH312N SUMMER LLC.<br><br>Nominal Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CIVIL ACTION NO. 2:18-cv-11047-KM-JBC<br><br>Civil Action<br><br>**DECLARATION OF EDWARD S. KIEL IN SUPPORT OF COLE SCHOTZ P.C.'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS GARTH ANDRE NAAR AND AVATAR MANAGEMENT LLC** |

EDWARD S. KIEL declares as follows;

1. I am an attorney at law in the State of New Jersey and a member of Cole Schotz P.C. ("Cole Schotz"), attorneys for defendants Garth Andre Naar and Avatar Management LLC ("collectively, the "Avatar Parties"). I have personal knowledge of the following facts and

submit this declaration in support of Cole Schotz's motion for leave to withdraw as counsel for the Avatar Parties.

2. Cole Schotz was retained in July 2018 to represent the Avatar Parties in this matter.

3. Pursuant to the retainer agreement ("Retainer Agreement") between Cole Schotz and the Avatar Parties, Cole Schotz issues monthly invoices for services and costs. Payment on the invoices are payable upon receipt.

4. At the time of our retention, the Court had entered an order to show cause with temporary injunctive relief (the "Order to Show Cause"), restraining the Avatar Parties from taking any action relating to certain properties that are the subject of this lawsuit or transferring any funds in the Avatar Parties' bank accounts. . (Order to Show Cause [Dkt. Entry 5].)

5. Since our retention, we have provided substantial services for the Avatar Parties. We prepared and filed a response to the Order to Show Cause along with a motion to dismiss (the "Motion to Dismiss"). (Brief of Defendants Garth Andre Naar and Avatar Management LLC [Dkt. Entry 35].) We served discovery demands and assisted our client in responding to expedited discovery demands from the other parties. The exchange of discovery involved the review of thousands of pages of documents and e-mails.

6. Following plaintiffs' filing of an amended complaint (Amended Compl. [Dkt. Entry 53]), we prepared and filed a supplemental brief in further support of the Motion to Dismiss. (Brief in Support [Dkt. Entry 63].)

7. Additionally, we appeared for oral argument on two occasions and have participated in numerous telephone conferences with the Court and counsel. Following the

telephone conferences, we engaged in substantial negotiations relating to the forms of interim orders.

8. While Cole Schotz has performed substantial services for the Avatar Parties, the Avatar Parties have not satisfied their obligations under the Retainer Agreement.

9. Despite having been provided numerous extensions of time for the payment of Cole Schotz's invoices, the Avatar Parties have failed to compensate Cole Schotz for a very large and significant portion of the legal fees and expenses incurred to date.

10. I have spoken extensively with Mr. Naar about the overdue invoices and advised that Cole Schotz cannot continue to represent the Avatar Parties without payment of the significant outstanding balance. Based on those conversations, it is our conclusion that there is no reasonable assurance that payment is forthcoming or that future invoices for legal fees and costs will be paid.

11. Additionally, as discussed during the status conference on October 31, 2018 and as directed by the Court's Minute Entry (Minute Entry [Dkt. Entry 70]), a supplemental declaration of counsel is being submitted under seal for *in camera* review.

12. Accordingly, Cole Schotz requests that it be relieved as counsel. Because Avatar Management is a corporate entity, on behalf of same, we request a reasonable amount of time for Avatar Management to obtain substitute counsel.

I declare under penalty of perjury that the foregoing is true and correct.

                                                           /s/ *Edward S. Kiel*
                                                           Edward S. Kiel

**Dated:** November 2, 2018

58225/0001-16503185v2