Edward S. Kiel (019881991)
Eric S. Latzer (023192011)
Elizabeth A. Carbone (116052014)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
*Attorneys for Defendants Garth Andre Naar and Avatar Management LLC*

| | |
|---|---|
| EHP60N WAKEMAN LLC, EHP248O CENTER LLC, EHP120N IVY LLC, EHP242EO BURNETT LLC, ERIC HANTMAN, derivatively on behalf of EHP76B HECKEL LLC, EHP224N PARKER LLC, HHP256 NEPTUNE LLC, UHP461-HHP6600NB SMITH LLC, and PRIME NY INC., derivatively on behalf of EHP105N SCHOFIELD LLC, 475E CATHERINE LLC, EHP28-30 GREYLOCK LLC, and EPH312N SUMMER LLC,<br><br>    Plaintiffs,<br> v.<br><br>GARTH ANDRE NAAR, AVATAR MANAGEMENT LLC, and SILVAN REAL ESTATE INCOME FUND, LP,<br><br>    Defendants,<br> and<br><br>EHP76B HECKEL LLC, EHP224N PARKER LLC, HHP256 NEPTUNE LLC, UHP461-HHP6600NB SMITH LLC, 475E CATHERINE LLC, EHP28-30 GREYLOCK LLC, and EPH312N SUMMER LLC.<br><br>    Nominal Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO. 2:18-cv-11047-KM-JBC<br><br>Civil Action |

**COLE SCHOTZ P.C.'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS GARTH ANDRE NAAR AND AVATAR MANAGEMENT LLC**

Of Counsel and On the Brief:
 Edward S. Kiel

1

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii
PRELIMINARY STATEMENT AND BACKGROUND FACTS ............................................. 1
LEGAL ARGUMENT .......................................................................................................... 2
CONCLUSION .................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**CASES**                                                           **PAGE(S)**

*Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab. Sys., Inc.*, 994 F.Supp. 244 (D.N.J. 1997) .................................................................................... 3

*Haines v. Liggett Grp., Inc.,* 814 F.Supp. 414 (D.N.J. 1993) ............................................ 3

*Jacobs v. Pendel*, 98 N.J.Super. 252 (App. Div. 1967) ..................................................... 3

*Magargal v. N.J.*, No. 07-cv-3531, 2011 WL 5526077(D.N.J. Nov. 14, 2011) ............................. 3

*Marketvision/Gateway Res. v. Priority Pay Payroll*, Nos. 10-cv-1537, 10-1611, 10-2753, 2011 U.S. Dist. Lexis 74851 (D.N.J. July 12, 2011) .................................. 3

*Mazariegos v. Monmouth Cnty. Corr. Inst.*, No. 12-cv-5626, 2017 WL 6606856 (D.N.J. Dec. 27, 2017) ............................................................................................ 2

**RULES**

L. CIV. R. 102.1 .................................................................................................................. 2

R.P.C. 1.16(b)(5)-(6) ......................................................................................................... 2

## PRELIMINARY STATEMENT AND BACKGROUND FACTS

Cole Schotz P.C. ("Cole Schotz") was retained in or around July 2018 to represent defendants Garth Andre Naar and Avatar Management LLC (collectively, the "Avatar Parties") in this matter. (*See* Declaration of Edward S. Kiel ("Kiel Decl.") at ¶ 2.) Pursuant to the retainer agreement ("Retainer Agreement") between Cole Schotz and the Avatar Parties, Cole Schotz issues monthly invoices for services and costs. (*Id.* at ¶ 3.) Payment on the invoices are payable upon receipt. (*Id.*)

At the time of Cole Schotz's retention, the Court had entered an order to show cause with temporary injunctive relief (the "Order to Show Cause"), restraining the Avatar Parties from taking any action relating to the subject-properties or transferring any funds in the Avatar Parties' bank accounts. (Order to Show Cause [Dkt. Entry 5].)

Since the retention, Cole Schotz has provided substantial services for the Avatar Parties. Cole Schotz prepared and filed a response to the Order to Show Cause along with a motion to dismiss (the "Motion to Dismiss"). (Brief of Defendants Garth Andre Naar and Avatar Management LLC [Dkt. Entry 35]; Kiel Decl. at ¶ 5.) Cole Schotz also served discovery demands and assisted the Avatar Parties in responding to expedited discovery requests from the other parties. (*Id.*) The exchange of discovery involved the review of thousands of pages of documents and e-mails. (*Id.*)

Following plaintiffs' filing of an amended complaint (Amended Compl. [Dkt. Entry 53]), Cole Schotz prepared and filed a supplemental brief in further support of the Motion to Dismiss. (Brief in Support [Dkt. Entry 63]; Kiel Decl. at ¶ 6.) Additionally, Cole Schotz appeared for oral argument on two occasions, and participated in numerous telephone conferences with the Court and counsel. (Kiel Decl. at ¶ 7.) Following the telephone conferences, Cole Schotz engaged in substantial negotiations relating to the forms of interim orders. (*Id.*)

1

While Cole Schotz has performed substantial services for the Avatar Parties, the Avatar Parties have not satisfied their obligations under the Retainer Agreement. (*Id*. at ¶ 8.) Despite having been provided numerous extensions of time for the payment of the invoices, the Avatar Parties have failed to compensate Cole Schotz for a very large and significant portion of the legal fees and expenses incurred to date. (*Id.* at ¶¶ 8-9.)

Additionally, Edward Kiel has spoken extensively with Mr. Naar concerning the overdue invoices and advised that Cole Schotz cannot continue to represent the Avatar Parties without payment of the significant outstanding balance. (*Id.* at ¶ 10.) Based on those conversations, it is Cole Schotz's conclusion that there is no reasonable assurance that payment is forthcoming or that future invoices for legal fees and costs will be paid. (*Id.*)

## **LEGAL ARGUMENT**

Local Civil Rule 102.1 provides that an attorney must seek leave to withdraw as counsel, unless other counsel is substituted. L. CIV. R. 102.1. Pursuant to New Jersey Rule of Professional Conduct 1.16(b)(5) and (6), an attorney may withdraw from representing a client if:

> (5) the client fails to substantially to fulfill an obligation to the lawyer regardng the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or]
>
> (6) the representation will result in an unreasonable financial burden on the lawyer . . .
>
> [R.P.C. 1.16(b)(5)-(6).]

Whether to grant a motion to withdraw as counsel is left to the Court's sound discretion. *Mazariegos v. Monmouth Cnty. Corr. Inst.*, No. 12-cv-5626, 2017 WL 6606856, at *2 (D.N.J. Dec. 27, 2017) (J. Wolfson). The Court should examine the following criteria in considering such a motion: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause the litigants, (3) the harm withdrawal might cause to the administration of justice[,] and (4)

2

the degree to which withdrawal will delay resolution of the case." *Haines v. Liggett Grp., Inc.*, 814 F.Supp. 414, 423 (D.N.J. 1993).

The failure to pay legal fees is recognized as a justifiable reason for an attorney's withdrawal from a case. *Jacobs v. Pendel*, 98 N.J. Super. 252, 255 (App. Div. 1967). Additionally, leave to withdraw is warranted where withdrawal will not delay the resolution of the case, when discovery is ongoing, and the Court has neither entered a final pretrial order nor set a trial date. *Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab. Sys., Inc.*, 994 F. Supp. 244, 253 (D.N.J. 1997); *Magargal v. N.J.*, No. 07-cv-3531, 2011 WL 5526077, at *2 (D.N.J. Nov. 14, 2011) (allowing counsel to withdraw where the case was "still in its relative infancy[]") (J. Bongiovanni); *Marketvision/Gateway Res. v. Priority Pay Payroll*, Nos. 10-cv-1537, 10-1611, 10-2753, 2011 U.S. Dist. Lexis 74851, at **6-8 (D.N.J. 2011) (where the litigation was in an early stage, withdrawal was allowed where the client failed to compensate the law firm) (J. Shipp).

This matter is in its infancy. Resolution of the Order to Show Cause remains pending. Several interim orders have been entered in order to provide an opportunity for the parties to work together to resolve the dispute. The Motion to Dismiss remains pending, with plaintiffs' opposition due on November 12, 2018. Initial discovery has been exchanged, however, those exchanges were in connection with the Order to Show Cause and the appointment of an independent accountant to review financial transactions. The parties have not conducted any depositions.

In the same vein, there will be no prejudice to the parties if Cole Schotz's request is granted and there will be no significant delay in the proceedings. The last interim order is enforceable through December 19, 2018 and provides for interim relief and a mechanism through

3

which the properties that are the subject to his dispute can be sold in an orderly manner.  (Interim Order [Dkt. Entry 71].)   Also, the pending Motion to Dismiss is based upon the pleadings and involves questions or law.  New counsel for the Avatar Parties should not face substantial difficulty in reviewing the pleadings, understanding the issues, and responding to any opposition.

## CONCLUSION

For the foregoing reasons, Cole Schotz respectfully requests that the Court grant leave for it to withdraw as counsel.

**COLE SCHOTZ P.C.**
*Attorneys for Defendants Gath Andre Naar and Avatar Management LLC*

By:  */s/ Edward S. Kiel*
      Edward S. Kiel
      Eric S. Latzer
      Elizabeth A. Carbone

**DATED**:  November 2, 2018