| | |
|---|---|
| ERIC HANTMAN, PRIME NY, INC., EHP76B HECKEL LLC, EHP224N PARKER LLC, HHP256 NEPTUNE LLC, EHP60N WAKEMAN LLC, EHP248O CENTER LLC, EHP105N SCHOFIELD LLC, UHP461-475E CATHERINE LLC, EHP28-30 GREYLOCK LLC, HHP6600NB SMITH LLC, EHP120N IVY LLC, EHP242EO BURNETT LLC, and EHP312N SUMMER LLC,<br><br>    Plaintiffs,<br>v.<br>GARTH ANDRE NAAR, AVATAR MANAGEMENT LLC, and SILVAN REAL ESTATE INCOME FUND, LP,<br><br>    Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIV. ACTION NO. 2:18-cv-11047-KM-JBC<br><br><br>Civil Action |

# WEISBROT LAW'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS GARTH ANDRE NAAR AND AVATAR MANAGEMENT LLC

N. Ari Weisbrot, Esq. (N.J. Atty. ID: 007431995)
WEISBROT LAW
1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788-6146
Email: aweisbrot@weisbrotlaw.com
*Attorneys for Defendants Garth Andre Naar and Avatar Management LLC*

## PRELIMINARY STATEMENT AND BACKGROUND FACTS

The Law Office of N. Ari Weisbrot LLC ("Weisbrot Law" or the "Firm") was retained on or about December 12, 2019, to represent the Avatar Parties in this matter. *(See, Weisbrot Declaration, submitted herewith, at ¶ 2).* Pursuant to the retainer agreement between Weisbrot Law and the Avatar Parties, Weisbrot Law issues monthly invoices for services and costs. Payment on the invoices are payable upon receipt. *(Id. at ¶ 3).*

Since our retention, Weisbrot Law has provided substantial services for the Avatar Parties. The Firm attended and argued numerous motions and drafted numerous substantive letters and pleadings. But, most importantly, the Firm spearheaded complicated and extensive settlement negotiations that culminated in an oral agreement that was memorized on the record before the Hon. James B. Clark, U.S.M.J., on June 5, 2019. *(Id. at ¶ 4).*

Following the settlement conference on June 5, 2019, in which it appeared that all matters had been resolved but that the agreement would be memorialized in a written agreement, the parties have engaged in protracted and exhaustive attempts to agree upon language for, and a form of, a settlement agreement. *(Id. at ¶ 5).*

The Avatar Defendants, however, refuse to reasonably respond to the Firm's repeated requests for information, comments, and guidance on the agreement. When they respond at all, it typically involves ignoring advice, arguing over strategy, or refusing to communicate with the Firm in a manner that is consistent with their obligations under the agreement or under the law. *(Id. at ¶ 6).*

It is, in the Firm's opinion, making it extremely difficult to resolve this matter or to reasonably advise my clients. The Firm no longer believes that its representation of the Avatar Parties will assist in, or facilitate, the consummation of the Settlement Agreement. *(Id. at ¶ 7).*

Moreover, the Avatar Defendants refuse to meet their financial commitments to the Firm. When they do make payments in satisfaction of this Firm's invoices, they are significantly less than required. The Firm receives almost weekly promises that "the check is in the mail," but the Avatar Defendants simply refuse to bring their account current. That would be a burden on any law firm, but as a solo practitioner, it creates a significant drain on resources and impacts the Firm's ability to service other clients. *(Id. at ¶ 8)*.

Nathaniel A. Weisbrot, Esq. has spoken extensively with Mr. Naar about the above issues and advised that Weisbrot Law cannot continue to represent the Avatar Parties unless and until he reasonably response to my requests for information, considers advice, addresses the outstanding issues, and makes current his invoices with the Firm. Those discussions have been, regretfully, unsuccessful. *(Id. at ¶ 9)*.

Accordingly, Weisbrot Law requests that it be relieved as counsel. Because Avatar Management is a corporate entity, on behalf of same, we request a reasonable amount of time for Avatar Management to obtain substitute counsel.

## LEGAL ARGUMENT

*Local Civil Rule* 102.1 provides that an attorney must seek leave to withdraw as counsel, unless other counsel is substituted. L. CIV. R. 102.1. Pursuant to *New Jersey Rules of Professional Conduct* 1.16(b)(5) and (6), an attorney may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(3) the client has used the lawyer's services to perpetrate a crime or fraud;
(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) the representation will result in an unreasonable financial burden on the lawyer or

>            has been rendered unreasonably difficult by the client; or
> (7)        other good cause for withdrawal exists.

[R.P.C. 1.16(b)(5)-(6).]

Whether to grant a motion to withdraw as counsel is left to the Court's sound discretion. *Mazariegos v. Monmouth Cnty. Corr. Inst.*, No. 12-cv-5626, 2017 WL 6606856, at *2 (D.N.J. Dec. 27, 2017) (J. Wolfson). The Court should examine the following criteria in considering such a motion: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause the litigants, (3) the harm withdrawal might cause to the administration of justice[,] and (4) the degree to which withdrawal will delay resolution of the case." *Haines v. Liggett Grp., Inc.,* 814 F.Supp. 414, 423 (D.N.J. 1993).

The failure to pay legal fees is recognized as a justifiable reason for an attorney's withdrawal from a case. *Jacobs v. Pendel,* 98 N.J. Super. 252, 255 (App. Div. 1967).

Additionally, as here, when the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement, withdrawal is appropriate. As mentioned, the Avatar Parties and Weisbrot Law have fundamental disagreements as to the settlement agreement, the promises and representations being made, and the general strategy in proceeding with this action. Therefore, for this additional reason, the Court should grant the motion to withdraw.

Moreover, leave to withdraw is warranted where withdrawal will not delay the resolution of the case, when discovery is ongoing, and the Court has neither entered a final pretrial order nor set a trial date. *Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab. Sys., Inc*., 994 F. Supp. 244, 253 (D.N.J. 1997); *Magargal v. N.J.,* No. 07-cv-3531, 2011 WL 5526077, at *2 (D.N.J. Nov. 14, 2011) (allowing counsel to withdraw where the case was "still in its relative infancy[]") (J. Bongiovanni); Marketvision/Gateway Res. v. Priority Pay Payroll, Nos. 10-cv-1537, 10- 1611, 10-2753, 2011 U.S. Dist. Lexis 74851, at **6-8 (D.N.J. 2011) (where the litigation was in an early stage, withdrawal was allowed where the client failed to compensate the law firm) (J. Shipp).

This matter has been settled.  The binding nature of the agreement is on the record and is not in dispute.  All that is left is the finalize and execute a written Settlement Agreement.  It appears that the role of counsel to the Avatar Defendants is actually inhibiting and precluding the finalization of any agreement.  Thus, not only will the withdrawal not materially delay the ultimate disposition of this Action - - it will almost certainly expedite it.

## CONCLUSION

For the foregoing reasons, the Law Office of N. Ari Weisbrot LLC respectfully requests that the Court grant leave for it to withdraw as counsel.

THE LAW OFFICE OF N. ARI WEISBROT LLC

By: _____
1099 Allessandrini Avenue
New Milford, New Jersey 07646
P: (201) 788-6146
F:  201) 788-6146
Email:  aweisbrot@weisbrotlaw.com
*Attorneys for Defendants Garth Andre Naar and Avatar Management LLC*

Dated: August 21, 2019