N. Ari Weisbrot, Esq. (N.J. Atty. ID: 007431995)
WEISBROT LAW
1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788-6146
Email: aweisbrot@weisbrotlaw.com
*Attorneys for Defendants Garth Andre Naar and Avatar Management LLC*

| | |
|---|---|
| ERIC HANTMAN, PRIME NY, INC., EHP76B HECKEL LLC, EHP224N PARKER LLC, HHP256 NEPTUNE LLC, EHP60N WAKEMAN LLC, EHP248O CENTER LLC, EHP105N SCHOFIELD LLC, UHP461-475E CATHERINE LLC, EHP28-30 GREYLOCK LLC, HHP6600NB SMITH LLC, EHP120N IVY LLC, EHP242EO BURNETT LLC, and EHP312N SUMMER LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GARTH ANDRE NAAR, AVATAR MANAGEMENT LLC, and SILVAN REAL ESTATE INCOME FUND, LP,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIV. ACTION NO. 2:18-cv-11047-KM-JBC<br><br>Civil Action<br><br>**DECLARATION OF NATHANIEL A. WEISBROT, ESQ IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS GARTH ANDRE NAAR AND AVATAR MANAGEMENT LLC** |

NATHANIEL A. WEISBROT, declares as follows;

1. I am an attorney at law in the State of New Jersey and a member of the Law Office of N. Ari Weisbrot LLC ("Weisbrot Law"), attorneys for defendants Garth Andre Naar and Avatar Management LLC ("collectively, the "Avatar Parties"). I have personal knowledge of the following facts and submit this declaration in support of Weisbrot Law's motion for leave to withdraw as counsel for the Avatar Parties.

2. Weisbrot Law was retained on or about December 12, 2019, to represent the Avatar Parties

in this matter.

3. Pursuant to the retainer agreement between Weisbrot Law and the Avatar Parties, Weisbrot Law issues monthly invoices for services and costs. Payment on the invoices are payable upon receipt.

4. Since our retention, we have provided substantial services for the Avatar Parties. We attended and argued numerous motions and drafted numerous substantive letters and pleadings. But, most importantly, we spearheaded complicated and extensive settlement negotiations that culminated in an agreement that was memorized on the record before the Hon. James B. Clark, U.S.M.J., on June 5, 2019.

5. Following the settlement conference on June 5, 2019, in which it appeared that all matters had been resolved but that the agreement would be memorialized in a written agreement, the parties have engaged in protracted and exhaustive attempts to agree upon language for, and a form of, a settlement agreement.

6. The Avatar Defendants, however, refuse to reasonably respond to my repeated requests for information, comments, and guidance on the agreement. When they respond at all, it typically involves ignoring my advice, arguing over strategy, or refusing to communicate with me in a manner that is consistent with their obligations under the agreement or under the law.

7. It is, in my opinion, making it extremely difficult to resolve this matter or to reasonably advise my clients. I no longer believe that my representation of the Avatar Parties will assist in, or facilitate, the consummation of the Settlement Agreement.

8. Moreover, the Avatar Defendants refuse to meet their financial commitments to this Firm. When they do make payments in satisfaction of this Firm's invoices, they are significantly less than required. We receive almost weekly promises that "the check is in the mail," but the Avatar Defendants simply refuse to bring their account current. That would be a burden on any law firm, but as a solo

practitioner, it creates a significant drain on resources and impacts my ability to service other clients.

9. I have spoken extensively with Mr. Naar about the above issues and advised that Weisbrot Law cannot continue to represent the Avatar Parties unless and until he reasonably response to my requests for information, considers my advice, addresses the outstanding issues, and makes current his invoices with the Firm.  Those discussions have been, regretfully, unsuccessful.

10. Accordingly, Weisbrot Law requests that it be relieved as counsel. Because Avatar Management is a corporate entity, on behalf of same, we request a reasonable amount of time for Avatar Management to obtain substitute counsel.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Nathaniel A. Weisbrot, Esq.


Dated:  August 21, 2019